# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>OLEG GLADSHTEYN | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses Committed On or After November 1, 1987)<br><br>USDC Case Number: CR-05-00491-014 VRW<br>BOP Case Number: DCAN305CR000491-014<br>USM Number: 93228-111<br>Defendant's Attorney: Anthony Gibbs Law Offices of Anthony W. Gibbs 655 Middlefield Rd. Redwood City, CA 94063 |

**THE DEFENDANT:**
[**x**]  admitted guilt to violation of conditions of the term of supervision.
[ ]  was found in violation of condition(s) ___ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| One | There is probable cause to believe that the offender violated the standard condition of supervision which states the defendant shall not commit another federal, state or local crime. | 12/26/2007 |
| Two | There is probable cause to believe that the offender violated standard condition number three which states the defendant shall follow the instruction of the probation officer, and that on 12/3/2007, there's evidence that the defendant traveled without the appropriate documentation. | 12/3/2007 |

AO 245D (Rev. 9/00) - Judgment in a Criminal Case for Revocation

| | | |
|---|---|---|
| Three | There is probable cause to believe that the offender violated special condition which states he shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the probation officer. The defendant failed to report for drug testing on the following dates: 8/16/07, 8/17/07, 9/10/07, 9/27/07, 10/8/07, 10/15/07, 10/27/07, 11/26/07, 12/10/07 and 12/17/07 | 8/16/07, 8/17/07, 9/10/07, 9/27/07, 10/8/07, 10/15/07, 10/27/07, 11/26/07, 12/10/07 and 12/17/07 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) ___ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's USM No.: 93228-111

Defendant's Residence Address:
3888 Noriega Street
San Francisco, CA 94112

Defendant's Mailing Address:

April 3, 2008
Date of Imposition of Judgment

Signature of Judicial Officer

Vaughn R Walker,  U. S. District Chief Judge
Name and Title of Judicial Officer

April 14, 2008
Date

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT:      OLEG GLADSHTEYN                                                     Judgment - Page 3 of 4
CASE NUMBER:    CR-05-00491-014 VRW

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | OLEG GLADSHTEYN | Judgment - Page 4 of 4 |
| CASE NUMBER: | CR-05-00491-014 VRW | |

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of <u>4 MONTHS beginning May 10, 2008</u>. Other location verification methods may be utilized with this program. The defendant shall pay the cost of monitoring at the prevailing rate unless it is determined by the probation officer that he has an inability to pay. A co-payment amount will then be determined by the probation officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and submit to drug or alcohol testing as directed by the probation officer.

*amended to add special conditions of supervision

2) The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

3) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

4) The defendant shall not have contact with any co-defendants named in the Indictment.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer.